[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 18, 2003
THOMAS  K. KAHN
CLERK

_____

No. 02-10731

_____

D. C. Docket No. 00-00376-CR-JAL

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

YUBY RAMIREZ,
JAIRO CASTRO, et al.,

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

**(March 18, 2003)**

Before MARCUS and WILSON, Circuit Judges, and LIMBAUGH[*], District
Judge.

PER CURIAM:

_____

[*]Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of
Missouri, sitting by designation.

Yuby Ramirez, Edward Lezcano, and Jairo Castro (collectively the defendants) appeal the life sentences they received after a jury found them guilty of witness tampering in violation of 18 U.S.C. § 1512(a)(1)(C).[1] They assert that the indictment was time-barred, because it failed to charge a capital crime.[2] Because we find that the defendants waived their right to raise that defense by failing to raise it in a pretrial motion, we affirm.

## BACKGROUND

The defendants were involved in a conspiracy to murder various witnesses who were scheduled to testify against Salvador Magluta and Augusto Falcon, alleged drug kingpins in South Florida.[3] As a result of that conspiracy, three potential witnesses were murdered, and various attempts were made to kill others.

Consequently, on May 11, 2000, a grand jury indicted the defendants, among others, for witness tampering. The four-count indictment charged Lezcano

---

[1] Lezcano also was convicted of witness tampering in violation of § 1512(a)(1)(A).

[2] The defendants also assert that (1) the district court violated their Sixth Amendment rights by limiting the cross-examination of two of the government's witnesses, Phanor Caicedo-Ramos and Juan Carlos Caicedo-Ramos; (2) the district court improperly provided a *Pinkerton v. United States*, 328 U.S. 640 (1946), instruction; and (3) there was insufficient evidence to support their convictions. As we find that those issues lack merit and do not require any discussion, we will not address them herein.

[3] Magluta and Falcon were acquitted of the drug charges for which they originally were indicted, but they subsequently were charged with various counts of witness tampering as a result of these murders and other acts that they allegedly committed.

with three counts of witness tampering, Castro with two counts of witness tampering, and Ramirez with one count of witness tampering.[4] The case proceeded to trial, and, after opening statements, the defendants moved for a judgment of acquittal, asserting that the indictment was insufficient because it failed to charge the necessary elements of first degree murder, "malice aforethought" and "premeditation." Hence, they argued that they were entitled to a judgment of acquittal, because the indictment was time-barred. The district court, construing the motion as a Federal Rule of Criminal Procedure 12(b)(2) motion, held that their motion was untimely. Alternatively, it held that, under a liberal construction of the indictment, those elements were charged. It therefore denied the defendants' motion and instructed the jury regarding those elements. This appeal followed.

STANDARD OF REVIEW

---

[4]Count One of the indictment charges that Lezcano and a coconspirator "did knowingly, intentionally and willfully aid, abet, counsel, command, induce and procure the killing of Juan Acosta, Esq., by causing him to be shot by paid assassins, with the intent to prevent Juan Acosta, Esq., from testifying before a federal grand jury." Count Two charges that Lezcano, Castro, and others "did knowingly, intentionally and willfully kill Luis Escobedo . . . with the intent to prevent Luis Escobedo
. . . from communicating to a law enforcement officer or a judge of the United States information relating to the commission of federal offenses by Salvador Magluta . . . and Augusto Falcon." Count Three contains the same language as Count Two, but charges the defendants and others with the killing of Bernardo Gonzalez.

We review the sufficiency of the indictment de novo. *United States v. Pendergraft*, 297 F.3d 1198, 1204 (11th Cir. 2002). We review the district court's denial of a motion as untimely under Rule 12(f) for abuse of discretion. *United States v. Smith*, 918 F.2d 1501, 1509 (11th Cir. 1990).

DISCUSSION

The defendants assert that the indictment was insufficient, because the necessary elements of first degree murder, "malice aforethought" and "premeditation," were not charged. As a result, they contend that the district court should have granted their motion for a judgment of acquittal under Federal Rule of Criminal Procedure 29, because, without those elements, the indictment was time-barred as it failed to charge a capital crime.[5] *See* 18 U.S.C. § 3282 (providing that "no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed").

Rule 12 provides that

---

[5]Indeed, June 22, 1993 is the date on which the last crime charged with respect to the defendants was committed. As the indictment was not returned until May 11, 2000, more than five years after the date on which the crimes charged were committed, it would be time-barred unless the crimes charged were capital crimes. *See* 18 U.S.C. § 3282.

4

[a]ny defense, objection, or request which is capable of determination without the trial of the general issue may be raised before trial by motion. . . . The following *must* be raised prior to trial:

. . . .

(2) *Defenses and objections based on defects in the indictment* . . . (other than that it fails to show jurisdiction in the court or to charge an offense which objections shall be noticed by the court at any time during the pendency of the proceedings).

Fed. R. Crim. P. 12(b)(2) (emphasis added). Rule 12 also provides that the "[f]ailure by a party to raise defenses or objections or to make requests which must be made prior to trial . . . shall constitute [a] waiver thereof." *Id.* R. 12(f).

Rule 12(b)(2) clearly provides that "[d]efenses and objections based on defects in the indictment" must be raised before trial. *Id.* R. 12(b)(2). Although the defendants raised their statute of limitations defense in a Rule 29 motion and not in a Rule 12(b) motion, we believe that their defense merely is a challenge based upon the sufficiency of the indictment that should have been raised before trial.[6] As they assert a defense "based on defects in the indictment" that was clear

---

[6]The defendants assert that the Advisory Committee Notes to Rule 12 make clear that they had the option of bringing their motion before trial, but that they were not required to do so, because a statute of limitations defense is a matter that can be brought in a permissive pretrial motion under Rule 12(b). Fed. R. Crim. P. 12 advisory committee notes (providing that permissive pretrial motions "include such matters as . . . statute of limitations"). As noted above, however, the defendants' statute of limitations defense is a defense based upon the sufficiency of the indictment. As the plain language of Rule 12 dictates that defenses based upon the sufficiency of the indictment must be brought before trial, there is no need to look to the notes. *See United States v. Vonn*, __ U.S. __, 122 S. Ct. 1043, 1049 n.6 (2002) ("In the absence of a clear legislative mandate, the Advisory Committee Notes provide a reliable source of insight into the meaning of a rule . . . .").

from the face of the indictment and that does not satisfy any of the exceptions set forth in the Rule,[7] *id.*, they waived this issue by failing to raise it in a pretrial motion, *see United States v. Suescun*, 237 F.3d 1284, 1286–88 (11th Cir.) (holding that "Suescun's challenges . . . were capable of determination without the trial of the general issue" and that "Suescun waived his objection to the validity of the indictment because he did not present it as required by Rule 12(b)"), *cert. denied*, 534 U.S. 863 (2001); *Ward v. United States*, 694 F.2d 654, 659 n.4 (11th Cir. 1982) (noting that failure to challenge the technical sufficiency of the indictment prior to trial constitutes a waiver of that challenge).[8]

---

[7]Neither exception applies in this case. In fact, the defendants concede that they were not alleging that the indictment failed to state an offense. Although Lezcano asserts in his reply brief that the defendants are arguing that the indictment failed to state an offense, the opposite assertion was made before the district court and this Court. As a result, we need not address Lezcano's claim that the indictment failed to state an offense. *See Jackson v. United States*, 976 F.2d 679, 680 n.1 (11th Cir. 1992) (per curiam) (noting that "[a]rguments raised for the first time in a reply brief are not properly before the reviewing court" (internal quotation marks omitted)).

[8]Although Rule 12 provides that the waived issue can be considered upon a showing of cause, Fed. R. Crim. P. 12(f), there is no good cause in this case. As the district court noted,

> [R]ather than file a motion prior to trial, Defendants decided to submit this motion and a lengthy memorandum immediately upon the conclusion of opening statements. Defendants were clearly prepared to file their motion earlier, but decided to withhold it in order to seek a strategic advantage by waiting until jeopardy attached upon the swearing in of the jury. As in *Suescun*, Defendants in this case clearly "had all the information necessary to challenge the [indictment] prior to the date set by the district court for pretrial motions, but did not." Rule 12(b) is designed to prevent precisely such use of belatedly filed motions and, accordingly, mandates that certain motions be filed prior to trial.

Thus, the defendants were unable to show cause to excuse their waiver in this case.

Although we recognize that there may be times when a statute of limitations defense cannot be raised before trial because the development of facts pertaining to that defense is necessary, this is not one of those times. Nothing in this case warranted waiting until after opening statements to raise this defense;[9] the defendants merely waited to gain a strategic advantage by raising the defense after jeopardy attached. This tactic is precisely what Rule 12 was designed to prevent. *See United States v. Oldfield*, 859 F.2d 392, 397 (6th Cir. 1988). As the Sixth Circuit noted, Rule 12

> sharply restricts the defense tactic of 'sandbagging' that was available in many jurisdictions under common law pleading. Recognizing that there was a defect in the pleading, counsel would often forego raising that defect before trial, when a successful objection would merely result in an amendment of the pleading. If the trial ended in a conviction, he could then raise the defect on a motion in arrest of judgment and obtain a new trial. Federal Rule 12 eliminated this tactic as to all objections except the failure to show jurisdiction or to charge an offense.

*Id.* (internal quotation marks omitted). As a result, the defendants waived their defense by failing to raise it before trial.[10]

---

[9]The defendants assert that they could not raise their statute of limitations defense until after opening statements, because they needed the government to concede that the crimes charged were committed more than five years before the indictment was returned. We, however, disagree, because the indictment specifically set forth the dates on which the crimes were committed. Thus, the statute of limitations defense was clear on the face of the indictment.

[10]In light of our holding, we need not address the constructive amendment and sentencing issues that arise from the defendants' arguments regarding the sufficiency of the indictment.

CONCLUSION

Thus, we hold that when a statute of limitations defense is clear on the face of the indictment and requires no further development of facts at trial, a defendant waives his right to raise that defense by failing to raise it in a pretrial motion. Accordingly, we AFFIRM.