[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 6, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-12783
Non-Argument Calendar

_____

D. C. Docket No. 06-60351-CR-WPD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VINCENT MILO, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(March 6, 2008)**

Before BLACK, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Vincent Milo, Jr., proceeding *pro se*, appeals his convictions on two counts

of knowingly and willfully making a false statement relating to a matter within the jurisdiction of the U.S. Government, in violation of 18 U.S.C. § 1001(a)(2). Milo asserts the indictment was fatally defective because it alleged he made false statements for the purpose of obtaining his pilot's license, when there is no such thing as a pilot's license, only an airman's certificate, and the court erred by concluded that the "pilot's license" language in the indictment was surplusage. Milo also contends the Government committed prosecutorial misconduct because it used the incorrect "pilot's license" language throughout the trial, even after the language was deemed to be inaccurate.

We review a district court's denial of a motion to dismiss an indictment for an abuse of discretion and the sufficiency of an indictment *de novo*. *United States v. Bobo*, 344 F.3d 1076, 1082-83 (11th Cir. 2003). Certain types of motions must be made before trial, including "a motion alleging a defect in the indictment." Fed. R. Crim. P. 12(b)(3)(B). The motion may be heard while the case is pending only if there is a claim that the indictment "fails to invoke the court's jurisdiction or to state an offense." *Id.* "A party waives any Rule 12(b)(3) defense, objection, or request not raised by the deadline the court sets under Rule 12(c) or by any extension the court provides. For good cause, the court may grant relief from the waiver." Fed. R. Crim. P. 12(e); *see also United States v. Ramirez*, 324 F.3d 1225,

2

1227-28 (11th Cir. 2003). A defendant does not have good cause warranting relief from waiver when he had all the information necessary to bring a Fed. R. Crim. P. 12(b) motion before the date set for pretrial motions, but failed to file it by that date. *Ramirez*, 324 F.3d at 1228 n.8.

Milo waived his ability to claim the indictment was defective because he did not raise the issue in a pre-trial motion and he cannot show the indictment failed to invoke the court's jurisdiction or to state an offense. *See* Fed. R. Crim. P. 12(b)(3)(B), (e); *Ramirez*, 324 F.3d at 1227-28. Milo also failed to show good cause for relief from the waiver because he had all the information necessary to challenge the indictment before the trail began but failed to do so. *See Ramirez*, 324 F.3d at 1228 n.8.

Milo was also properly convicted of violating 18 U.S.C. § 1001(a)(2). The district judge instructed the jury on all the elements of an 18 U.S.C. § 1001(a)(2) violation, stating that Milo could only be found guilty if the jury found beyond a reasonable doubt that he willfully and knowingly made a materially false statement in relation to a matter within the jurisdiction of an agency of the United States. *See* 18 U.S.C. § 1001(a)(2). That the Government erroneously referred to a "license" or "pilot's license" at trial had no effect on the outcome of the trial because the Government never indicated a pilot's license and a medical certificate were the

3

same document, and testimony provided that an "airman medical certificate is not" a pilot's license. Therefore, any error the prosecutor made does not warrant a new trial. *See United States v. Foley*, 508 F.3d 627, 637 (11th Cir. 2007) (stating "'[p]rosecutorial misconduct requires a new trial only if we find the remarks (1) were improper and (2) prejudiced the defendant's substantive rights.'" (citation omitted)). The jury found Milo knowingly and willfully made materially false statements on the 2002 and 2004 medical certificates, which were in the jurisdiction of an agency of the United States. Milo was properly charged and convicted, and we affirm his convictions.

**AFFIRMED.**