[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 17, 2008
THOMAS K. KAHN
CLERK

No. 07-14147
Non-Argument Calendar

_____

D. C. Docket No. 06-20544-CR-AJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MELVIN ALVIN COX,
a.k.a. Reno,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(June 17, 2008)**

Before TJOFLAT, BLACK and MARCUS, Circuit Judges.

PER CURIAM:

Melvin A. Cox appeals his jury conviction for being a felon in possession of

ammunition, in violation of 18 U.S.C. § 922(g)(1). On appeal he argues that: (1)

the district court abused its discretion when it denied his motion to suppress as untimely and declined to reach the merits, on the sole ground that Cox refused to waive his speedy trial rights; (2) the district court violated his Fifth Amendment right to remain silent when it allowed a government witness to clarify the contents of an audio recording and said, in the presence of the jury, that "individuals who were parties to the conversation can testify about it"; and (3) there was insufficient evidence of his guilt, independent of his post-arrest statements made to police, to support his conviction. After thorough review, we affirm.

We review the denial of a pre-trial motion on grounds of untimeliness for abuse of discretion. United States v. Smith, 918 F.2d 1501, 1509 (11th Cir. 1990). We review a district court's refusal to grant a mistrial for abuse of discretion. United States v. Newsome, 475 F.3d 1221, 1227 (11th Cir.), cert. denied, 128 S.Ct. 218 (2007). We review the "sufficiency of the evidence to support a conviction de novo, viewing the evidence in the light most favorable to the government and drawing all reasonable inferences and credibility choices in favor of the jury's verdict." United States v. Taylor, 480 F.3d 1025, 1026 (11th Cir.), cert. denied, 128 S.Ct. 130 (2007). We will uphold a district court's denial of a motion for a judgment of acquittal if a reasonable trier of fact could conclude the evidence established the defendant's guilt beyond a reasonable doubt. Id.

2

First, we are unpersuaded by Cox's challenge to the district court's denial of his suppression motion. Pursuant to the Federal Rules of Criminal Procedure, a motion to suppress must be brought prior to trial. Fed. R. Crim. P. 12(b)(3)(c). Failure to bring the motion to suppress prior to trial, absent cause shown, constitutes waiver. Fed. R. Crim. P. 12(e).

In Smith, we applied Rule 12 to affirm the denial of a Franks[1] motion as untimely where the motion was filed after the deadline for pre-trial motions had passed, and was filed when a hearing was beginning on his motion to suppress evidence, which had been timely filed. Smith, 918 F.2d at 1509. We found that because the defendant had not attempted to establish cause for the untimeliness of the motion, the district court did not abuse its discretion in denying the motion as untimely. Id.; see also United States v. Ramirez, 324 F.3d 1225, 1228 (11th Cir. 2003) (holding, in the context of defenses based on defects in the indictment, that Rule 12 was designed precisely to prevent a situation where defendants merely wait to gain a strategic advantage by raising a defense out of time); United States v. Milian-Rodriguez, 828 F.2d 679, 682-83 (11th Cir. 1987) (affirming, without addressing the merits of, the district court's denial of defendant's motion to suppress based on United States v. Chemaly, 741 F.2d 1346 (11th Cir. 1984),

---

[1] Franks v. Delaware, 438 U.S. 154, 155-56 (1978).

<u>vacated</u>, 741 F.2d 1363, <u>reinstated</u>, 764 F.2d 747 (11th Cir. 1985) (<u>en banc</u>), where the defendants filed their motion to suppress before trial, but after the court's scheduled deadline for filing pre-trial motions, and well after the <u>Chemaly</u> decision).

Here, the district court had cautioned Cox on various occasions about proceeding to trial in such a quick manner without time for his newly appointed counsel to prepare, and indicated its willingness to allow time for this preparation. Cox rejected these offers, and then waited to file his motion to suppress until after his motion to dismiss on speedy trial grounds was denied. Therefore, the late filing of the motion appears to have been a strategic move by Cox, and the district court did not abuse its discretion when it denied his motion to suppress as untimely.

We also reject Cox's contention that the district court abused its discretion in refusing to grant a mistrial after it allowed a government witness to clarify the contents of an audio recording and said, in the presence of the jury, that "individuals who were parties to the conversation can testify about it." The Fifth Amendment prohibits a prosecutor or the court from commenting directly or indirectly on a defendant's failure to testify. <u>United States v. Knowles</u>, 66 F.3d 1146, 1162 (11th Cir. 1995) (citation omitted). In the context of prosecutorial misconduct, we have held that a prosecutor impermissibly comments on the

defendant's right to testify where: "(1) the statement was manifestly intended to be a comment on the defendant's failure to testify; or (2) the statement 'was of such a character that a jury would naturally and necessarily take it to be a comment on the failure to the accused to testify.'" Id. at 1162-63 (emphasis and citation omitted).

"Reversal is warranted only if the court made prejudicial comments that had a clear effect on the jury and amounted to the denial of a fair trial." United States v. Tampas, 493 F.3d 1291, 1303 (11th Cir. 2007). In order to assess the prejudicial impact of the comments, we evaluate them in the context of the trial as a whole and assess their probable impact on the jury. United States v. Hernandez, 145 F.3d 1433, 1438 (11th Cir. 1998). Any potential prejudice regarding burden-shifting is diminished by the court's explicit instructions regarding the burden of proof in the jury charge. Id. at 1439.

In Tampas, we held that the district court did not abuse its discretion in denying a motion for a mistrial on the grounds of the court's comment, made after a government objection to a defense witness's testimony, "Why can't the defendant testify about that? Isn't that hearsay?" Tampas, 493 F.3d at 1303. The court offered to give a curative instruction, which Tampas declined. We held that, in the context of the trial, "the brief question to defense counsel in the context of an evidentiary objection had no clear effect on the jury." Id.

The comment made by the district court in this case was less pointed than that made by the court in Tampas. See Tampas, 493 F.3d at 1303. Further, the district court specifically instructed the jury that Cox did not have to testify, and that the jury could infer no negative implications from his choosing to exercise that right. As such, it is not clear that the court's comment was actually prejudicial to Cox, but to the extent that it was, any potential prejudice was diminished by the court's instructions to the jury. See Hernandez, 145 F.3d at 1439. Accordingly, the district court did not abuse its discretion in denying his motion for a mistrial.

Finally, there was sufficient evidence of Cox's guilt, independent of his statements, to support his conviction. Title 18, section 922 of the U.S. Code provides that it shall be unlawful for any person convicted of a crime punishable by imprisonment for a term exceeding one year to "possess in or affecting commerce, any firearm or ammunition." 18 U.S.C. § 922(g)(1). Thus, to support a conviction under this section, the government must prove that the defendant: (1) is a convicted felon; (2) in possession of; (3) any firearm or ammunition; (4) in or affecting commerce. Id. Here, the parties stipulated that the ammunition found in the house had traveled in interstate commerce, and that on May 1, 2006, Cox was convicted of a felony, therefore leaving only element two in dispute.

The Supreme Court has held, in two pre-<u>Miranda</u>[2] cases, that in general, an accused may not be convicted on his own uncorroborated confession, <u>Smith v. United States</u>, 348 U.S. 147, 152-53 (1954), and in order to admit a confession into evidence, other evidence must "support[] the essential facts admitted sufficiently to justify a jury inference of their truth." <u>Opper v. United States</u>, 348 U.S. 84, 93 (1954). We have explained that:

> If the independent evidence is sufficient to establish the truth, trustworthiness and reliability of the accused's statement to the investigating authorities, and the statements themselves supply whatever elements of the offense are not proved by the independent evidence, the proof is sufficient to send the case to the jury.

<u>United States v. Micieli</u>, 594 F.2d 102, 109 (11th Cir. 1979) (citation omitted).

In this case, the government submitted independent evidence including the ammunition found, the agents' testimony as to where the ammunition was found, and the testimony of Cox's girlfriend that she remembered seeing bullets in the kitchen at the house and that she saw, at some point, Cox with the bullets. This evidence established the truth, trustworthiness and reliability of Cox's confession that he was in control of the house, that he was the only one who really lived there full time, and that he knew there was ammunition in the kitchen of the house. Viewing the evidence presented here in the light most favorable to the government,

---

[2] <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966).

and drawing all reasonable inferences and credibility choices in favor of the jury's verdict, the evidence was sufficient in this case for a reasonable trier of fact to conclude that Cox was guilty beyond a reasonable doubt.  Accordingly, we affirm the district court's denial of Cox's motion for a judgment of acquittal.

**AFFIRMED.**