[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-11105
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 24, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-00460-CR-T-27-EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTONIO ALLS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(December 24, 2008)

Before BIRCH, BLACK, and BARKETT, Circuit Judges.

PER CURIAM:

Antonio Alls ("Alls") appeals his convictions for conspiracy to distribute five kilograms or more of cocaine with intent to distribute, and attempt to possess with intent to distribute five kilograms or more of cocaine. Based on the evidence presented at trial by the government, it was not manifestly unjust for the district court to deny Alls' motion for a judgment of acquittal or refuse to <u>sua</u> <u>sponte</u> order a judgment of acquittal. The district court also was not required to <u>sua sponte</u> order a judgment of acquittal based on alleged defects in the indictment because the indictment properly charged Alls with conspiracy and attempt. Accordingly, we AFFIRM.

## I. BACKGROUND

Count one of the second superceding indictment charged Alls, a.k.a. "T," a.k.a. "Tampa Tony," and Jose Olegario Rivas-Gastelum ("Rivas-Gastelum") "[f]rom an unknown date, which was at least in March 2005, to on or about October 12, 2006" with conspiring with Julio Cesar Hernandez-Varela ("Hernandez-Varela") and others to possess five kilograms or more of cocaine with intent to distribute it, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(ii) and 846. R1-109 at 1. Count two charged Alls and Rivas-Gastelum with attempting to possess, on or about 12 October 2006, five kilograms or more of cocaine with intent to distribute it, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(ii) and

2

846. Id. at 2.

The Drug Enforcement Administration ("DEA") began investigating Alls and his co-defendants after a Texas deputy sheriff found $1.1 million during a traffic stop of a semi tractor-trailer in August 2006. R4 at 20. The driver, known as Gordito, agreed to cooperate with law enforcement. Id. at 20, 157. On 12 August 2006, Gordito received approximately $126,800 from Hernandez-Varela in Tampa, Florida. Id. at 28-29, 35. The money was wrapped in T-shirts displaying the website address "www.dasplitter.com." Id. at 30. Gordito then delivered the money to his boss in Tucson, Arizona. Id. at 37.

In early October 2006, Gordito retrieved twenty-four kilograms of cocaine from his boss's house in Tucson. Id. at 39-42, 43-46. On 11 October 2006, Gordito notified Hernandez-Varela that he was driving to Tampa with the cocaine. Id. at 157-58. Hernandez-Varela immediately called Alls to confirm that he could sell twenty-four kilograms of cocaine. Id. at 158. Alls initially hesitated over the unexpectedly large amount but then said, "[Y]eah, yeah, let's go for it, let's go do it." Id. at 159.

The DEA substituted fake cocaine for the real drugs, which Gordito delivered to Hernandez-Varela in Tampa on 12 October 2006. Id. at 50-53. Hernandez-Varela called Alls to report that he had secured the cocaine. Id. at 162,

3

184-85.  Later that same day, DEA agents arrested Hernandez-Varela and Rivas-Gastelum at a house where they found the fake cocaine and nearly $220,000 stored in boxes in the attic.  Id. at 55-56, 59, 86-87, 95.  One of the boxes was printed with the words "Tampa Tony" and "Da Splitter Squad," and it featured a photograph of Alls with several other people.  Id. at 91.  Hernandez-Varela recognized the "Da Splitter" box as the same one in which Alls had previously given him money for cocaine.  Id. at 167, 170.

Hernandez-Varela agreed to cooperate with authorities and perform a controlled delivery of the fake cocaine to Alls.  Id. at 57-58.  After arranging the meeting with Alls by phone, Hernandez-Varela and an undercover detective met Alls at a parking lot.  Id. at 58, 98-100, 116, 194.  Alls said that he could sell seven to eight kilograms of cocaine right away and return with a cash payment.  Id. at 122, 202.  Alls then opened his car's trunk and Hernandez-Varela placed the suitcases of cocaine inside.  Id. at 71, 117-19, 198.  The detective told Alls that the cocaine was high quality.  Id. at 120.  Officers then arrested Alls and seized $20,000 from the back seat of his car.  Id. at 58; R5 at 90, 92.

Hernandez-Varela testified at trial about his drug dealings with Alls.  Gordito supplied the cocaine to Hernandez-Varela, who then delivered it to Alls.  R4 at 157, 210.  Gordito received the cocaine from Hernandez-Varela's father-in-

4

law, Mr. Medina, who lived in Arizona. R5 at 19. Hernandez-Varela estimated that he sold cocaine to Alls "[p]robably three, four, five times" in the past. R4 at 156. Alls generally paid him the same day or a few days later, and then Hernandez-Varela would pay Gordito. Id. at 188, 210, 216. Sometimes the drug deals took place at Alls' house. Id. at 204, 207. Hernandez-Varela recorded his cocaine sales to Alls starting in June 2006. Id. at 207, 210. Prior to the 12 October 2006 transaction, Hernandez-Varela's records show that he delivered twenty-one kilograms of cocaine to Alls. Id. at 210, 212, 214.

After the government rested, Alls made an oral motion for a judgment of acquittal on grounds that the government had not presented sufficient evidence to establish the elements of the crimes. R5 at 124, 127. The court denied the motion and responded that it was "satisfied that there is sufficient evidence before this jury to enable them to reasonably find the defendant guilty of the charges contained in the second superseding Indictment." Id. at 127. The defense then called one witness, a DEA agent who testified about his interview of Hernandez-Varela. Id. at 142-48. Alls did not renew his motion for a judgment of acquittal after he rested and the evidence was closed. Id. at 148.

The jury was instructed that "after the arrest of Julio Cesar Hernandez Varela on October the 12th of 2006, he became the government's agent and

5

informer, and therefore could not be a co-conspirator with the defendant, Antonio Alls, because one who acts as a government agent and enters into a purported conspiracy in the secret role of an informer cannot be a co-conspirator." R5 at 220. Alls stated that he was satisfied with the jury instructions as given. Id. at 233. The jury convicted Alls of counts one and two of the indictment.[1] R1-220. He was sentenced to life imprisonment. R1-251 at 2.

## II. DISCUSSION

A. Sufficiency of the Evidence

Alls argues that the district court erred when it denied his motion for a judgment of acquittal and failed to sua sponte direct a verdict of not guilty pursuant to Federal Rule of Civil Procedure 29(c). He asserts that the evidence was insufficient to support his conviction on the conspiracy count because Hernandez-Varela was a cooperating witness for the government.

Ordinarily, we review the sufficiency of the evidence de novo, drawing all reasonable inferences in favor of the verdict. See United States v. Greer, 440 F.3d 1267, 1271 (11th Cir. 2006). If a defendant presents evidence after making a motion for a judgment of acquittal at the close of the government's case, then the defendant has waived any objection to the denial of that motion. See United States

_____

[1]The jury acquitted Alls of a third count which charged a conspiracy to possess marijuana. R1-220 at 2.

6

v. Jones, 32 F.3d 1512, 1516 (11th Cir. 1994) (per curiam). "Moreover, if the defendant fails to renew his motion for a judgment of acquittal at the end of all the evidence . . . his conviction must be affirmed unless a manifest miscarriage of justice would result." Id. This "heavier burden" requires the defendant to show "that the evidence on a key element of the offense is so tenuous that a conviction would be shocking." Greer, 440 F.3d at 1271 (quotation marks and citation omitted).

Federal Rule of Criminal Procedure 29(a) provides that "after the close of all the evidence . . . [t]he court may on its own consider whether the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a) (2008). However, the court is under no duty to sua sponte direct a judgment of acquittal if the evidence was sufficient to send to the jury. United States v. Prince, 491 F.2d 655, 659 (5th Cir. 1974). Federal Rule of Criminal Procedure 29(c) enables a defendant to move for a judgment of acquittal after the jury's verdict or discharge, and enables the court to grant that motion by setting aside a guilty verdict and entering an acquittal. See Fed. R. Crim. P. 29(c)(1) and (2) (2008).

Here, Alls made a motion for a judgment of acquittal after the government rested, pursuant to Rule 29(a). Because he did not renew this motion after the jury verdict or discharge, Rule 29(c) does not apply to this case. Alls has waived any

objection to the denial of his motion for a judgment of acquittal, however, because he presented evidence after the court denied his motion. See Jones, 32 F.3d at 1516. In addition, because he did not renew his motion for a judgment of acquittal after the evidence was closed, we must affirm his conviction unless Alls can show that doing so would be a "manifest miscarriage of justice." Id. Alls fails to make this showing.

In order to prove a conspiracy to possess with intent to distribute drugs, in violation of 21 U.S.C. § 846, the government had to show: "(1) an agreement between two or more persons to commit a crime, and (2) the defendant's knowing and voluntary participation in the conspiracy." United States v. Ohayon, 483 F.3d 1281, 1292 (11th Cir. 2007). A conspiracy is often shown by circumstantial evidence and "may be inferred from a 'concert of action.'" United States v. Westry, 524 F.3d 1198, 1212 (11th Cir. 2008 ) (per curiam) (citation omitted). Once a co-conspirator becomes a government informer, he can no longer be part of the alleged conspiracy. See United States v. Lively, 803 F.2d 1124, 1126 (11th Cir. 1986) ("[I]t is well-settled that a person cannot conspire with a government informer who secretly intends to frustrate the conspiracy.").

Alls' contention that he only conspired with Hernandez-Varela while the latter was acting as a government informant contradicts the record. The dates of

the conspiracy charged in the indictment were from "at least March 2005 to on or about October 12, 2006" and involved not only Hernandez-Varela but also "persons known and unknown." R1-109. The evidence showed that, prior to his arrest on 12 October 2006, Hernandez-Varela sold cocaine to Alls several times, recorded his drug sales to Alls since June 2006, and notified Alls about the twenty-four kilograms of cocaine the day before he delivered it. Hernandez-Varela testified that he generally received the cocaine from Gordito and delivered it to Alls, who then paid him in cash. Authorities arrested Hernandez-Varela and another named co-defendant, Rivas-Gastelum, as they were leaving a house containing the fake cocaine that Hernandez-Varela later delivered to Alls on 12 October 2006. Circumstantial evidence also linked Alls and Hernandez-Varela in past drug transactions, including a box used by Alls in his drug deals with Hernandez-Varela that displayed Alls' picture and the phrases "Tampa Tony" and "Da Splitter Squad." Finally, the jury was properly instructed that Hernandez-Varela was no longer a co-conspirator after he became a government informant following his arrest. See Lively, 803 F.2d at 1128 (trial court required to instruct the jury that a government informer cannot conspire with another person).

Drawing all reasonable inferences in favor of the verdict, the evidence supported the jury's conclusion that Alls unlawfully and knowingly conspired with

9

Hernandez-Varela and others before Hernandez-Varela began cooperating with authorities. Alls has not shown his conviction is shocking in light of the evidence or that a miscarriage of justice would result if it is upheld. See Greer, 440 F.3d at 1271. Furthermore, because there was sufficient evidence to send the case to the jury, the district court had no duty to sua sponte enter a judgment of acquittal pursuant to Rule 29(a). See Prince, 491 F.2d at 659. Nor did the court err in not entering an acquittal pursuant to Rule 29(c) as Alls did not make a motion for a judgment of acquittal after the jury verdict or discharge. See Fed. R. Crim. P. 29(c)(2).

B. Sufficiency of the Indictment

Alls next argues that the district court should have sua sponte entered a judgment of acquittal because the indictment was defective. He contends count one was defective because it charged a conspiracy with Hernandez-Varela, which was a legal impossibility because the latter was a government informant. Alls submits that count two charged no crime at all because it also charged a conspiracy in violation of § 846 but it failed to name a conspirator or state that Alls knowingly conspired with anyone.

We review de novo the sufficiency of an indictment. See United States v. Ramirez, 324 F.3d 1225, 1226 (11th Cir. 2003) (per curiam). "An indictment is

sufficient if it: (1) presents the essential elements of the charged offense, (2) notifies the accused of the charges to be defended against, and (3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense." United States v. Steele, 178 F.3d 1230, 1233-34 (11th Cir. 1999) (quotation marks and citation omitted). Generally, a defendant must object before trial to defects in an indictment, and failure to do so waives any alleged defects. See Ramirez, 324 F.3d at 1227-28 (defendants waived issue of defective indictment where they did not raise a statute of limitations defense to the indictment before trial); see also Fed. R. Crim. P. 12(b)(2) and 12(e). The only exceptions to this rule are when there is a claim "that the indictment or information fails to invoke the court's jurisdiction or to state an offense." Fed. R. Crim. P. 12(b)(3)(B). A defendant has a substantial right "to be free of prosecution under an indictment that fails to charge an offense." United States v. Meacham, 626 F.2d 503, 509 (5th Cir. 1980). Accordingly, an indictment that fails to charge a crime may be noticed on appeal even though the issue was not raised in the district court. See id.

Alls did not raise the issue of a defective indictment in the district court but he submits that we may notice the defect on appeal because the indictment fails to state an offense as in Meacham. Meacham held that an indictment charging a

11

"conspiracy to attempt" was fatally defective because there was no such offense. See id. at 507, 509. Unlike the Meacham indictment, however, both counts one and two correctly charged Alls with violating a federal offense.

Count one charged a violation of § 841 and § 846. The elements of a § 841(a)(1) offense are: "(1) knowledge; (2) possession; and (3) intent to distribute." United States v. Poole, 878 F.2d 1389, 1391 (11th Cir. 1989) (per curiam). The elements of a § 846 offense are: "(1) an agreement between two or more persons to commit a crime, and (2) the defendant's knowing and voluntary participation in the conspiracy." Ohayon, 483 F.3d at 1292. As previously noted, count one charged that Alls unlawfully conspired with Rivas-Gastelum, Hernandez-Varela and others prior to Hernandez-Varela's arrest and cooperation on 12 October 2006. Thus, Alls' assertion that count one only charged him with conspiring with a government informant lacks merit.

Likewise, Alls incorrectly interprets count two of the indictment. Contrary to Alls' interpretation, count two did not charge a conspiracy. Count two charged that Alls "did knowingly, willfully and intentionally *attempt* to possess with the intent to distribute" cocaine, in violation of § 846 and § 841. R1-109 at 2 (emphasis added). The language of 21 U.S.C. § 846 encompasses both conspiracy and attempt: "Any person who attempts or conspires to commit any offense

12

defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy." 21 U.S.C. § 846 (2008). The essential elements of an attempt offense are: "(1) acting with the kind of culpability otherwise required for the commission of the crime and (2) engaging in conduct which constitutes a substantial step toward the commission of the crime." Ohayon, 483 F.3d at 1292 (quotation marks and citation omitted). Because the elements of attempt and conspiracy are different, count two did not need to allege a conspiracy or name co-conspirators. See id. Accordingly, count two properly stated an offense under § 846.

The record shows that Alls was correctly indicted and convicted under counts one and two of the second superceding indictment. Consequently, the district court had no duty to sua sponte enter a judgment of acquittal on the basis of alleged defects in the indictment.

### III. CONCLUSION

In this direct appeal, Alls challenges his convictions on grounds that the district court should have granted a judgment of acquittal because there was insufficient evidence to support his conspiracy conviction and the indictment was defective. We conclude there was sufficient evidence showing that Alls conspired with Hernandez-Varela and others prior to Hernandez-Varela becoming a

13

government informant.  We further conclude that the indictment was not defective

because counts one and two correctly charged Alls with violating 21 U.S.C. §§ 841

and 846.  Accordingly, we AFFIRM Alls' convictions and sentence.