[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-13043
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 31, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-10079-CR-JEM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL DELPH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 31, 2010)

Before TJOFLAT, WILSON and FAY, Circuit Judges.

PER CURIAM:

Michael Delph and five co-defendants were indicted for conspiracy to

acquire and dispose of lobsters, in violation of the16 U.S.C. §§ 3372(a)(1), (a)(2)(A), and 3373(d)(1) and (2) (the "Lacey Act"), a felony. The co-defendants pled guilty to the charge. Delph stood trial, and a jury convicted him. He now appeals his conviction, contending (1) that the indictment did not allege that the harvested lobsters had a market value in excess of $350, an essential element of a Lacey Act felony, (2) the jury instructions did not require the jury to find the dollar amount involved, and (3) the evidence was insufficient to convict. We consider these contentions in turn.

1. Sufficiency of the Indictment

We review *de novo* the sufficiency of an indictment. *See United States v. Ramirez*, 324 F.3d 1225, 1226 (11th Cir.2003) (per curiam). "An indictment is sufficient if it: (1) presents the essential elements of the charged offense, (2) notifies the accused of the charges to be defended against, and (3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense." *United States v. Steele*, 178 F.3d 1230, 1233-34 (11th Cir.1999) (quotation and citation omitted). "A criminal conviction will not be upheld if the indictment upon which it is based does not set forth the essential elements of the offense." *United States v. Fern*, 155 F.3d 1318, 1324-25 (11th Cir. 1998) (citations omitted). "If an indictment

2

specifically refers to the statute on which the charge was based, the reference to the statutory language adequately informs the defendant of the charge." *Id.* at 1325 (quotation and citation omitted). "In determining whether an indictment is sufficient, we read it as a whole and give it a common sense construction." *United States v. Jordan*, 582 F.3d 1239, 1245 (quotation and citations omitted). "In other words, the indictment's validity is to be determined by practical, not technical, considerations." *Id.* (quotations omitted). When, as here, the indictment is challenged after the government has rested its case and the jury has returned its verdict, the indictment should be construed liberally in favor of its validity. *United States v. Seher*, 562 F.3d 1344, 1356 (11th Cir. 2009).

The Lacey Act makes it unlawful for any person:

> (1) to import, export, transport, sell, receive, acquire, or purchase any fish or wildlife or plant taken, possessed, transported, or sold in violation of any law, treaty, or regulation of the United States or in violation of any Indian tribal law;
>
> (2) to import, export, transport, sell, receive, acquire, or purchase in interstate or foreign commerce--
>
> > (A) any fish or wildlife taken, possessed, transported, or sold in violation of any law or regulation of any State or in violation of any foreign law. . .

16 U.S.C. § 3372(a)(1), (2)(A). The Lacey Act's penalty provisions provide:

3

(1) Any person who —

> (B) violates any provision of this chapter . . . by knowingly engaging in conduct that involves the sale or purchase of, the offer of sale or purchase of, or the intent to sell or purchase, fish or wildlife or plants with a market value in excess of $350,
>
> knowing that the fish or wildlife or plants were taken, possessed, transported, or sold in violation of, or in a manner unlawful under, any underlying law, treaty or regulation, shall be fined not more than $20,000, or imprisoned for not more than five years, or both.

16 U.S.C. § 3373(d)(1)(B). The Act also provides:

> Any person who knowingly engages in conduct prohibited by any provision of this chapter . . . and in the exercise of due care should know that the fish or wildlife or plants were taken, possessed, transported, or sold in violation of, or in a manner unlawful under, any underlying law, treaty or regulation shall be fined not more than $10,000, or imprisoned for not more than one year, or both.

16 U.S.C. § 3373(d)(2).

The general conspiracy provision, 18 U.S.C. § 371 provides:

> If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined under this title or imprisoned not more than five years, or both. If, however, the offense, the commission of which is the object of the conspiracy, is a misdemeanor only,

4

> the punishment for such conspiracy shall not exceed the maximum punishment provided for such misdemeanor.

18 U.S.C. § 371.

Here, similar to *Fern*, the indictment did not specify the market value of the lobsters. The indictment charged that Delph and his co-conspirators knowingly conspired to illegally acquire lobsters, and cited to the felony and misdemeanor code sections of the Lacey Act. In light of *Fern*, under those circumstances, the indictment sufficiently put Delph on notice that he was charged with conspiring to commit a felony. *See Fern*, 155 F.3d at 1325.

2. Inadequate Jury Instructions

The Supreme Court has held that a criminal defendant is entitled to have a jury determination that he is guilty of every element of the crime with which he is charged, beyond a reasonable doubt. *See Apprendi v. New Jersey*, 530 U.S. 466, 476, 120 S.Ct. 2348, 2355, 147 L.Ed. 435 (2000). The pertinent fact(s) must be charged in a federal indictment as well. *United States v. Cotton*, 535 U.S. 625, 627, 122 S.Ct. 1781, 1783, 152 L.Ed.2d 860 (2002). "A constitutional objection for *Apprendi* purposes is timely if a defendant makes the objection at sentencing." *United States v. Candelario*, 240 F.3d 1300, 1305 (11th Cir. 2001). Otherwise, a defendant would be in the position of having to remind the court to instruct the jury to determine quantity or, in this case, the market value of lobsters. *See id.*

5

Therefore, because Delph timely objected at sentencing, he preserved his *Apprendi* objection, and we review the issue *de novo*.  *See Candelario*, 240 F.3d at 1305.

"[A]n *Apprendi* error does not require reversal of the sentence if that error is harmless."  *See United States v. Anderson*, 289 F.3d 1321, 1326 (11th Cir. 2002); *see also McCoy v. United States,* 266 F.3d 1245, 1252 (11th Cir. 2001) (holding that an indictment's failure to allege a drug quantity was subject to harmless error review).  In *Anderson*, in the drug quantity context, we held that "[we] must affirm [the] sentence if the record does not contain evidence that could rationally lead to a contrary finding with respect to drug quantity."  *Anderson*, 289 F.3d at 1327.

Here, similar to *Anderson*, neither the indictment nor the district court's instructions required the jury to find that the object of the charged conspiracy was to illegally harvest lobsters with a market value in excess of $350.  However, the court's error in failing to require the jury to find that Delph conspired to illegally harvest lobsters worth more than $350 is harmless beyond a reasonable doubt.  At trial, the government presented unrebutted evidence that the market value of the lobsters acquired by Delph and his party was, at a minimum, over $4,000.  Under those circumstances, no reasonable juror could have found that the alleged conspiracy existed without also finding that its object involved lobsters with a market value in excess of $350.

3.     Sufficiency of the Evidence

"Sufficiency of the evidence is a question of law that we review *de novo*." *United States v. Gupta*, 463 F.3d 1182, 1193 (11th Cir. 2006). In reviewing the sufficiency of the evidence, we considers "the evidence in the light most favorable to the government." *United States v. Garcia*, 405 F.3d 1260, 1269 (11th Cir. 2005) (citation omitted). We also makes all reasonable inferences and credibility choices in favor of the government and the jury's verdict. *Id.* We must affirm "unless, under no reasonable construction of the evidence, could the jury have found the [defendant] guilty beyond a reasonable doubt." *Id.* "The evidence need not exclude every hypothesis of innocence or be completely inconsistent with every conclusion other than guilt because a jury may select among constructions of the evidence." *United States v. Bailey*, 123 F.3d 1381, 1391 (11th Cir. 1997).

"To prove conspiracy under 18 U.S.C. § 371, the prosecution must prove beyond a reasonable doubt the existence of an agreement to achieve an unlawful objective, the defendant's knowing and voluntary participation in the conspiracy, and the commission of an overt act in furtherance of it. However, if the proof shows the defendant knew the essential objective of the conspiracy, it does not matter that he did not know all its details or played a minor role in the overall scheme." *United States v. Jordan*, 582 F.3d 1239, 1246 (11th Cir. 2009) (citation

7

omitted). "[The] existence of an agreement in a conspiracy case is rarely proven by direct evidence that the conspirators formally entered or reached an agreement . . . . The more common method of proving an agreement is through circumstantial evidence." *United States v. Glinton*, 154 F.3d 1245, 1258 (11th Cir. 1998) (citation omitted). "A defendant's knowing participation in a conspiracy may be established through proof of surrounding circumstances such as acts committed by the defendant which furthered the purpose of the conspiracy." *United States v. Bain*, 736 F.2d 1480, 1485 (11th Cir. 1984).

We conclude that it was reasonable for the jury to find Delph's August 6, 2008 behavior that he and his alleged co-conspirators conspired to illegally harvest lobsters. First, evidence showed that Delph had an agreement to dive for lobsters off of one of his co-conspirator's boat on August 6, 2008, the opening day of lobster season. Second, evidence showed that Delph and his co-conspirators were aware that they were harvesting an illegal number of lobsters, and took steps to conceal the number of lobsters caught during their dives. Third, Delph actively participated in all of the diving activities. Under these circumstances, a reasonable jury could infer that Delph and the other divers shared a joint purpose to illegally harvest spiny lobsters in violation of the Lacey Act. The district court did not err when it denied Delph's motion for acquittal.

8

AFFIRMED.