[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-12737
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 28, 2010
JOHN LEY
CLERK

D. C. Docket No. 4:09-cr-00024-HLM-WEJ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN LUIS VAZQUEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(December 28, 2010)

Before DUBINA, Chief Judge, HULL and FAY, Circuit Judges.

PER CURIAM:

Appellant Juan Luis Vazquez appeals his convictions and 120-month total

sentence for possessing with intent to distribute cocaine, in violation of 21 U.S.C.

§ 841(a)(1) and (b)(1)(B)(ii), and possessing a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). On appeal, Vazquez asserts that (1) he was entitled to a hearing, pursuant to *Franks v. Delaware*, 438 U.S. 154, 98 S. Ct. 2674, 57 L. Ed. 2d 667 (1978), because he impliedly challenged the arrest warrant in his Motion to Suppress Evidence; (2) law enforcement officers had neither a valid warrant nor probable cause to arrest him; (3) the district court erred in denying his Motion to Suppress Evidence; and (4) his sentence was above the guideline range that he should have received, because the district court improperly considered the drugs and firearm that officers seized from his residence.

## I.

A district court's denial of a motion as untimely is reviewed for abuse of discretion. *United States v. Ramirez*, 324 F.3d 1225, 1226 (11th Cir. 2003). The Constitution prohibits an officer from making perjurious or recklessly false statements in support of a warrant. *Franks*, 438 U.S. at 164-65, 98 S. Ct. at 2681. To be entitled to a *Franks* hearing, a defendant must allege that the affidavit supporting the warrant contained a "deliberate falsehood" or "reckless disregard for the truth" from the affiant, which, when set aside, leaves insufficient "content in the warrant affidavit to support a finding of probable cause." *Id*. at 171-72, 98

S. Ct. at 2684. The requirement of a substantial preliminary showing "is not lightly met." *United States v. Arbolaez*, 450 F.3d 1283, 1294 (11th Cir. 2006). The false statements must have been made knowingly and intentionally, as allegations of negligence or innocent mistake are insufficient. *Franks*, 438 U.S. at 171, 98 S. Ct. at 2684. "Affidavits supporting arrest warrants are presumptively valid." *United States v. Kapordelis*, 569 F.3d 1291, 1309 (11th Cir. 2009) (citation omitted), *cert. denied*, 130 S. Ct. 1315 (2010). The defendant bears the burden of establishing that, absent misrepresentations or omissions, the warrant lacks probable cause. *See United States v. Novaton*, 271 F.3d 968, 986-87 (11th Cir. 2001).

Because the record demonstrates that Vazquez did not specifically challenge the affidavit underlying the arrest warrant until his post-suppression-hearing brief, and because he did not present any evidence that the alleged false statements were made knowingly, intelligently, or with reckless disregard for the truth, we conclude that Vazquez failed to make the "substantial preliminary showing" necessary for a *Franks* hearing. Accordingly, we hold that the district court properly determined that Vazquez waived a *Franks* challenge.

## II.

Officers may arrest an individual without a warrant if they have reasonable cause to believe that the individual has engaged in a felony. *Parker v. Allen*, 565 F.3d 1258, 1289 (11th Cir. 2009), *cert. denied*, 130 S. Ct. 1073 (2010). Probable cause exists if an arrest is objectively reasonable based on the totality of the circumstances. *Lee v. Ferraro*, 284 F.3d 1188, 1195 (11th Cir. 2002). "This standard is met when the facts and circumstances within the officer's knowledge, of which he or she has reasonably trustworthy information, would cause a prudent person to believe, under the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *Id*. (internal quotation marks omitted).

We conclude from the record that law enforcement officers had reasonably trustworthy information that would cause a prudent person to believe that Vazquez was committing a felony, based on information from a confidential informant, who had obtained cocaine previously from Vazquez and who personally observed cocaine in the floorboard of Vazquez's vehicle shortly before the arrest. Accordingly, we hold that probable cause supported Vazquez's arrest.

## III.

4

The denial of a motion to suppress evidence presents a mixed question of law and fact. *United States v. Holloway*, 290 F.3d 1331, 1334 (11th Cir. 2002). We review the district court's factual findings for clear error, and its application of the law to the facts *de novo*. *Id*. We construe the facts in the light most favorable to the prevailing party. *Id*.

A warrantless search pursuant to valid consent is an exception to the Fourth Amendment's warrant requirement. *Schneckloth v. Bustamonte*, 412 U.S. 218, 222, 93 S. Ct. 2041, 2045, 36 L. Ed. 2d 854 (1973). We determine whether consent was voluntarily given based on the totality of the circumstances. *United States v. Acosta*, 363 F.3d 1141, 1151 (11th Cir. 2004). A person may impliedly give consent to a search through body language. *See United States v. Ramirez-Chilel*, 289 F.3d 744, 750, 752 (11th Cir. 2002) (holding that the defendant had consented to the officers' entry by yielding the right-of-way at his door).

Evidence gathered from a search following an illegal arrest must be suppressed as the tainted fruit of the illegal arrest unless the defendant's consent to the search was both (1) voluntary and (2) not the product of the illegal detention. *United States v. Santa*, 236 F.3d 662, 676 (11th Cir. 2000). Relevant factors include (1) the temporal proximity of the arrest and the consent to the search,

5

(2) intervening circumstances, and (3) the purpose and flagrancy of the official misconduct. *Id*. at 677. Pre-consent warnings under *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L.Ed.2d 694 (1966)*,* are not required to validate consent to searches. *United States v. Garcia*, 496 F.2d 670, 674 (5th Cir. 1974).

Before custodial interrogation, a suspect must be given specific warnings of his Fifth Amendment rights. *Miranda*, 384 U.S. at 444, 86 S. Ct. at 1612. "[T]he *Miranda* safeguards come into play whenever a person in custody is subjected to either express questioning or its functional equivalent." *Rhode Island v. Innis*, 446 U.S. 291, 300-01, 100 S. Ct. 1682, 1689, 64 L. Ed. 2d 297 (1980). "Interrogation" under *Miranda* refers to express questioning and to any words or actions on the part of the police, other than those normally attendant to an arrest, "that the police should know are reasonably likely to elicit an incriminating response from the suspect." *Id*. at 301, 100 S. Ct. at 1689-90.

A defendant may waive his *Miranda* rights "provided the waiver is made voluntarily, knowingly, and intelligently." *Miranda*, 384 U.S. at 444, 86 S. Ct. at 1612. The waiver inquiry is two-pronged: "First, the relinquishment of the right must have been voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception. Second, the waiver must have been made with a full awareness of both the nature of the right

being abandoned and the consequences of the decision to abandon it." *Moran v. Burbine*, 475 U.S. 412, 421, 106 S. Ct. 1135, 1141, 89 L. Ed. 2d 410 (1986). An express oral statement waiving the right to remain silent is "usually strong proof of the validity of that waiver, but is not inevitably either necessary or sufficient to establish waiver." *North Carolina v. Butler*, 441 U.S. 369, 373, 99 S. Ct. 1755, 1757, 60 L. Ed. 2d 286 (1979).

In a plurality opinion, the Supreme Court has held that a conscious decision to use the "question-first" technique, where officers interrogate a suspect without warning of the right to remain silent until that interrogation produces a confession, then give the suspect *Miranda* warnings, and "lead[] the suspect to cover the same ground a second time" violates the Fifth Amendment. *Missouri v. Seibert*, 542 U.S. 600, 604, 617, 124 S. Ct. 2601, 2605, 2613, 159 L. Ed. 2d 643 (2004).

"A 'protective sweep' is a quick and limited search of premises, incident to an arrest and conducted to protect the safety of police officers and others." *Maryland v. Buie*, 494 U.S. 325, 327, 110 S. Ct. 1093, 1094, 108 L. Ed. 2d 276 (1990). Police officers do not need a warrant or probable cause to conduct a protective sweep of a home, but must have "articulable facts which, taken together with the rational inferences from those facts, would warrant a reasonably prudent officer in believing that the area to be swept harbors an individual posing a danger

7

to those on the arrest scene." *Id*. at 334, 110 S. Ct. at 1098. A protective sweep is limited to a cursory inspection of the spaces where a person may be found, and must last no longer than necessary to dispel the reasonable suspicion of danger. *Id*. at 335-36, 110 S. Ct. at 1099. We have previously upheld protective sweeps of residences that stemmed from arrests made outside those residences. *See United States v. Tobin*, 923 F.2d 1506, 1513 (11th Cir. 1991) (*en banc*) (involving a protective sweep of a residence after an arrest in the garage), *United States v. Burgos*, 720 F.2d 1520, 1526 (11th Cir. 1983) (involving a protective sweep after an arrest on a porch).

Because we conclude from the record that Vazquez's initial arrest was not illegal, his subsequent statements and consent to the searches of his vehicle and residence were not tainted by illegal police activity. Vazquez impliedly and expressly consented to the search of his truck. His pre-*Miranda* statements were not made in response to any interrogation by officers, and his post-*Miranda* statements and consent to the search of his home were made after a knowing, voluntary, and intelligent waiver of his *Miranda* rights. There was no evidence that Vazquez's consent was coerced. Additionally, because officers were aware that (1) the confidential informant previously had observed individuals other than Vazquez inside Vazquez's residence, (2) there were guns inside the residence, and

(3) individuals had gone in and out of the residence while it was under surveillance, the protective sweep of Vazquez's residence was not improper. Accordingly, we conclude that the district court properly denied Vazquez's Motion to Suppress Evidence.

IV.

In order for an appeal waiver to be enforceable, the district court must have discussed the appeal waiver provision with the defendant during the guilty plea colloquy, or it must be manifestly clear from the record that the defendant understood the full significance of the appeal waiver. *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993). The appeal waiver must also have been knowing and voluntary. *See United States v. Segarra*, 582 F.3d 1269, 1273 (11th Cir. 2009), *cert. denied*, ___ S. Ct. ___ (U.S. Nov. 29, 2010).

Vazquez's sentence was within his advisory guideline range based on the properly-admitted drugs and firearm from his vehicle and residence. Because the record reflects that the district court discussed the appeal waiver in Vazquez's plea agreement during the Rule 11 colloquy, and because the waiver was knowing and voluntary, the waiver is enforceable and bars Vazquez from appealing the sentence that he received. Vazquez's sentence does not fall within the exception for an

upward departure or variance from the "guideline range as calculated by the district court."

For the aforementioned reasons, we affirm Vazquez's convictions and 120-month total sentence.

**AFFIRMED.**