**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Gregory D. JONES, Defendant–Appellant.**

No. 93–6873.

United States Court of Appeals,
Eleventh Circuit.

May 19, 1995.

Roger C. Appell, William K. Bradford, Birmingham, AL, for appellant.

Jack Selden, U.S. Atty., Michael V. Rasmussen, Claude Harris, Asst. U.S. Attys., Birmingham, AL, for appellee.

Before ANDERSON, EDMONDSON and CARNES, Circuit Judges.

CARNES, Circuit Judge:

Gregory Jones appeals from his conviction on two counts of aiding and abetting acts of extortion in violation of 18 U.S.C. §§ 2 and 1951. The conviction stemmed from a scheme in which Jones, then an attorney, joined with a bailbondsman to procure cash bribes from criminal defendants for a state district court judge. Jones attacks his conviction on several grounds, only one of which merits discussion.[1] Jones contends that the district court erred in denying defense counsel's mid-trial motion to withdraw and for a mistrial based upon a newly discovered defense and conflict of interest. For the reasons discussed below, we reject this contention and affirm Jones's conviction.

### I.

During the presentation of its case-in-chief, the government supplied Jones with copies of grand jury testimony of some of its witnesses. After reviewing one of the grand jury transcripts, Jones's defense counsel, William N. Clark, moved to withdraw and for a mistrial arguing that that transcript revealed both the basis for raising a selective prosecution defense on Jones's behalf and a previously unknown conflict of interest that prevented Clark from pursuing that defense.

What the transcript revealed was that another of Clark's clients, also an attorney, had been under investigation based on allegations almost identical to those charged against Jones. Jones is black, the other client is white. Given that his white client had not been indicted, Clark averred in his withdrawal motion that he should raise a selective prosecution defense on Jones's behalf, but that he was precluded from doing so because of the adverse impact it would have on his other client. Clark argued that he should be permitted to withdraw from the case and a mistrial should be declared so that another attorney free to pursue the selective prosecution defense could be appointed to represent Jones. The district court denied the motion to withdraw and for a mistrial, stating that any selective prosecution argument could be raised on appeal. Jones now seeks reversal of his conviction based on the district court's denial of those motions.

### II.

"Questions involving conflicts of interest are mixed questions of law and fact subject to de novo review." *Porter v. Singletary*, 14 F.3d 554, 561 (11th Cir.1994).

### III.

■ In criminal cases, an attorney's conflict of interest may deprive a defendant of his Sixth Amendment right to assistance of counsel. *E.g., Strickland v. Washington*, 466 U.S. 668, 692, 104 S.Ct. 2052, 2067, 80 L.Ed.2d 674 (1984); *Cuyler v. Sullivan*, 446

---

**1.** On appeal Jones also challenges the following: (1) the district court's order which had the effect of requiring only the defense to disclose potential character witnesses to the jury venire; (2) the district court's decision to limit defense counsel's questioning of potential jurors to twenty minutes; (3) the district court's denial of defendant's motion for a mistrial based on the prosecution's failure to disclose certain evidence; (4) the district court's denial of defendant's motion for a mistrial based on prejudicial statements made by a government witness; (5) the district court's decision to allow the government to use one of its witnesses to rehabilitate two other government witnesses after they had completed their testimony; (6) the district court's decision to allow the jury to take government-prepared transcripts into the jury room during deliberations; and (7) the district court's failure to declare a mistrial when the prosecution presented allegedly improper closing argument. We reject each of these arguments without further discussion.

U.S. 335, 348, 100 S.Ct. 1708, 1719, 64 L.Ed.2d 333 (1980). A conflict of interest will rise to the level of reversible constitutional error only if the defendant has demonstrated that "an actual conflict of interest adversely affected his lawyer's performance," and that counsel "actively represented conflicting interests." *Cuyler*, 446 U.S. at 348, 350, 100 S.Ct. at 1718, 1719; *Burger v. Kemp*, 483 U.S. 776, 783, 107 S.Ct. 3114, 3120, 97 L.Ed.2d 638 (1987) (quoting *Strickland*, 466 U.S. at 692, 104 S.Ct. at 2067 (1984)); *see also Burden v. Zant*, 24 F.3d 1298, 1304 (11th Cir.1994); *Parker v. Singletary*, 974 F.2d 1562, 1574, n. 66 (11th Cir. 1992). This Court has stated that "the harm from representing conflicting interests lies not just in what the attorney does but also 'in what the advocate finds himself compelled to refrain from doing, not only at trial but also as to possible pretrial plea negotiations and in the sentencing process.'" *Burden*, 24 F.3d at 1306 (quoting *Holloway v. Arkansas*, 435 U.S. 475, 490, 98 S.Ct. 1173, 1182, 55 L.Ed.2d 426 (1978)). In reviewing a claim of conflict of interest, it is important to keep in mind that "the purpose of providing assistance of counsel 'is simply to ensure that criminal defendants receive a fair trial'...." *Wheat v. United States*, 486 U.S. 153, 159, 108 S.Ct. 1692, 1697, 100 L.Ed.2d 140 (1988) (citations omitted).

We agree with Jones that Clark was faced with an actual conflict of interest, because raising the selective prosecution defense on behalf of Jones would have had the effect of pressuring the government to indict his other client.[2] We also find that the conflict of interest adversely affected Clark's performance, but only as to the selective prosecution issue. That is the only issue as to which there was a conflict.[3]

## IV.

■ Thus, we are presented with what is apparently an issue of first impression in this circuit—does an attorney's conflict of interest require reversal of a conviction if the conflict adversely affected his performance only as to an affirmative defense the validity of which can be redecided by the court without a new trial? We hold that reversal of the conviction is not required in such circumstances, unless it is determined, in a proceeding free from any effect of the conflict, that the affirmative defense has merit.

In all of the binding precedents to which we have been cited where a conviction was reversed because of a conflict of interest, the conflict adversely affected the attorney's performance in the process involving the determination of factual guilt.[4] In such circumstances, it is difficult to determine whether, absent the conflict, the defendant would have pleaded guilty or been found guilty by a jury had the attorney's performance not been affected by a conflict of interest. That is one of the principal reasons why there is a presumption of prejudice in those conflict of interest situations. *See Strickland*, 466 U.S.

---

**2.** The government argues that Clark knew of the basis for a selective prosecution claim before trial and waived it by failing to assert it then. That argument contains the seeds of its own destruction. If we assume, as the government contends, that Clark knew of the basis for a selective prosecution defense before trial—and we are not convinced he did—that same knowledge would have presented him with a conflict of interest that would have vitiated any waiver.

**3.** We do not mean to imply that Mr. Clark's conduct in this case was anything other than exemplary. The record indicates to us that as soon as he became aware of the conflict, he moved to withdraw and for a mistrial. There is nothing else he could have done.

**4.** In every Supreme Court and Eleventh Circuit case the parties have cited addressing a conflict of interest in a criminal case, the conflict affected plea negotiations or the trial itself and thus had some affect on the process leading to a determination of factual guilt. None dealt with an affirmative defense unconnected with factual guilt. *See, e.g., Wheat*, 486 U.S. 153, 108 S.Ct. 1692 (1988) (conflict created by attorney representing codefendants at successive trials); *Burger*, 483 U.S. 776, 107 S.Ct. 3114, 97 L.Ed.2d 638 (potential conflict in two law partners representing coindictees in separate trials where each cooperated in planning of the other's trial); *Burden*, 24 F.3d 1298 (conflict created by attorney representing codefendants, one of whom testified against other); *Porter*, 14 F.3d 554 (conflict created by defense attorney's simultaneous representation of prosecution witness); *Yeck v. Goodwin*, 985 F.2d 538 (11th Cir.1993) (conflict created when attorney represented two codefendants, and struck plea bargain for one in exchange for his testimony at trial of other).

at 692, 104 S.Ct. at 2067 ("it is difficult to measure the precise effect on the defense of representation corrupted by conflicting interests").

■ By contrast, selective prosecution is a defect in the institution of the prosecution that has no bearing on the determination of factual guilt. *United States v. Jennings*, 991 F.2d 725, 730 (11th Cir.1993). The selective prosecution defense is an issue for the court to decide, not an issue for the jury. *See, e.g., United States v. Washington*, 705 F.2d 489, 495 (D.C.Cir.1983); *United States v. Taylor*, 562 F.2d 1345, 1356 (2d Cir.), *cert. denied*, 432 U.S. 909, 97 S.Ct. 2958, 53 L.Ed.2d 1083 (1977).[5] The validity of a selective prosecution defense, being a separate matter from the determination of factual guilt, can be redecided without a new trial. It can be redecided on remand in a proceeding in which the defendant is represented by conflict-free counsel.

No remand is necessary in this case, however, because Jones is represented in this appeal by conflict-free counsel, and the record is sufficient for us to determine that Jones's selective prosecution defense is clearly without merit. No additional facts need be developed, and any district court decision of the issue would be reviewed *de novo* by this Court anyway. *See Macklin v. Singletary*, 24 F.3d 1307, 1311–13 (11th Cir.1994) (discussing the propriety of deciding an issue on appeal in the first instance instead of remanding where the standard of review is *de novo* and the record is adequate).

## V.

■ In order to prove a claim of selective prosecution, the defendant bears the "heavy burden" of showing: (1) " 'that he has been singled out for prosecution although others similarly situated who have committed the same acts have not been prosecuted' "; and (2) " 'that the government's selective prosecution of him has been constitutionally invidious.' " *Jones v. White*, 992 F.2d 1548, 1571 (11th Cir.1993) (quoting *Owen v. Wainwright*, 806 F.2d 1519, 1523 (11th Cir.1986), *cert. denied*, 481 U.S. 1071, 107 S.Ct. 2466, 95 L.Ed.2d 875 (1987)). An evidentiary hearing on the issue will only be granted if the "defendant presents facts sufficient to raise a reasonable doubt about the prosecutor's motive." *Id.* at 1572 (citation and internal quotation marks omitted). The basis for Jones's selective prosecution argument involves another attorney who, like Jones, was procuring bribes for the same state district court judge, but who had not been indicted at the time Jones was tried. Jones is black, the other attorney is white. Since the conclusion of Jones's trial, however, the other attorney has been indicted, tried, and convicted for his illegal conduct.[6] Because the only basis for Jones's selective prosecution defense no longer exists, that defense is clearly without merit.

## VI.

Jones's conviction is AFFIRMED.

---

5. Federal Rule of Criminal Procedure 12(b) requires that this defense be raised by pretrial motion:

> (b) Pretrial Motions. Any defense, objection, or request which is capable of determination without the trial of the general issue may be raised before trial by motion.... The following must be raised prior to trial:
> (1) Defenses and objections based on defects in the institution of the prosecution; ....

*E.g., Jennings*, 991 F.2d at 730.

If the defendant fails to raise a selective prosecution defense prior to trial, the defendant waives the defense, Fed.R.Crim.P. 12(f); however, the court may grant relief from waiver if the defendant shows cause for delay in raising the defense. Fed.R.Crim.P. 12(f); *see Jennings*, 991 F.2d at 730. As to the government's argument that the defense was waived because trial counsel knew the basis for it before trial, see note 2 *supra*.

6. The government's motion to supplement the record with evidence of the other attorney's conviction was initially denied by an administrative panel of this Court. However, it is the panel's prerogative to revisit the motion and grant it if we deem it appropriate. Fed.R.App.Proc. 10(e). We do.