[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-11091

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

EDSON GELIN,
a.k.a. Bo,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:17-cr-00131-CEM-LRH-3

_____

2                    Opinion of the Court                    21-11091

————————————

No. 21-11505

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

EDSON GELIN,
a.k.a. Bo,

Defendant-Appellant.

————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:17-cr-00131-CEM-LRH-3

————————————

————————————

No. 21-11714

Non-Argument Calendar

21-11091                Opinion of the Court                3

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

EDSON GELIN,
a.k.a. Bo,

Defendant- Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:17-cr-00131-CEM-LRH-3

_____

_____

No. 21-11587

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

4                    Opinion of the Court                    21-11091

*versus*

JIMMY REMY FERNETUS,

Defendant-Appellant.

————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:17-cr-00131-CEM-LRH-2

————————————

————————————

No. 21-13012

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

EDSON GELIN,
a.k.a. Bo,

21-11091                 Opinion of the Court                 5

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:17-cr-00131-CEM-LRH-3

_____

Before JORDAN, JILL PRYOR, and BRANCH, Circuit Judges.

PER CURIAM:

In their consolidated appeals, codefendants Edson Gelin and Jimmy Fernetus, federal prisoners proceeding *pro se*, appeal from multiple orders of the district court in their criminal case. First, Mr. Gelin argues that the district court abused its discretion when it denied his post-judgment motions to dismiss the indictment for selective prosecution and failed to hold an evidentiary hearing. He contends that he had "good cause" to overcome his untimeliness based on newly discovered evidence. Second, Mr. Gelin argues that the district court abused its discretion in denying his motion for disqualification or recusal because it was biased in favor of the government. Third, Mr. Gelin and Mr. Fernetus argue that the district court abused its discretion in denying their motions for a new trial based on newly discovered evidence because they were not made aware of the full extent of two witnesses' cooperation with the government. Fourth, Mr. Gelin argues that the district court abused

its discretion in denying his renewed motion for compassionate release because it disregarded his health conditions, the COVID-19 pandemic, the 18 U.S.C. § 3553(a) factors, and the fact that he would have received a lesser sentence if sentenced at the time of his motion.

We affirm. We also deny Mr. Gelin's motions for oral argument.

I

When a district court denies a defendant's motion to dismiss for selective prosecution, we review its factual findings for clear error and its legal conclusions *de novo*. *See United States v. Brantley*, 803 F.3d 1265, 1270 (11th Cir. 2015). Although federal courts possess the authority to dismiss an indictment for governmental misconduct, dismissal is an extreme sanction that should be infrequently utilized. *See United States v. Michael*, 17 F.3d 1383, 1386 (11th Cir. 1994). Dismissal is only favored in the most egregious cases. *See id.*

The defense of selective prosecution must be raised by pre-trial motion if the basis for the motion is then reasonably available. *See* Fed. R. Crim. P. 12(b)(3)(A)(iv). An untimely motion may not be considered unless a defendant can show good cause for the delay. *See* Fed. R. Crim. P. 12(c)(3). A defendant does not have good cause warranting relief when he had all the information necessary to bring a Rule 12(b) motion before the deadline for pre-trial motions. *See United States v. Ramirez*, 324 F.3d 1225, 1228 n.8 (11th

Cir. 2003).  An evidentiary hearing on a defendant's claim of selective prosecution is necessary only if the defendant presents sufficient facts to raise a reasonable doubt as to the prosecutor's motive. *See United States v. Jones*, 52 F.3d 924, 927 (11th Cir. 1995).

The district court did not err in summarily denying Mr. Gelin's Rule 12 motion to dismiss the indictment for selective prosecution.  The government charged Mr. Gelin by superseding indictment in September of 2017, a jury found him guilty in February of 2018, and we affirmed his convictions and sentences in April of 2020.  It was not until April of 2021 that he filed his motion to dismiss the indictment for selective prosecution.  Consequently, that motion was untimely by over three years.  *See* Fed. R. Crim. P. 12(c)(3).

As good cause for his untimeliness, Mr. Gelin argues that he did not discover until after his trial evidence showing that the government selectively prosecuted him based on racial and ethnic animus towards Black Haitian Americans.  Mr. Gelin's argument, however, is refuted by his admission that he presented evidence of the government's alleged improper motives to counsel before trial. The basis for his Rule 12 motion was therefore reasonably available to him pre-trial, and he cannot show good cause. *See Ramirez*, 324 F.3d at 1228 n.8.  Accordingly, the district court did not err in denying his motion and, in turn, declining to hold an evidentiary hearing on that motion.

## II

We review a recusal decision for an abuse of discretion.  *See United States v. Berger*, 375 F.3d 1223, 1227 (11th Cir.2004). Recusal is governed by two federal statutes, 28 U.S.C. §§ 144 and 455.

Under § 144, a judge must recuse himself when a party to a district court proceeding files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party.  To warrant recusal under § 144, the moving party must allege facts that would convince a reasonable person that bias actually exists. *See United States v. Serrano,* 607 F.2d 1145, 1150 (5th Cir. 1979). The affidavit must be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause must be shown for failure to file it within such time.  *See* 28 U.S.C. § 144.

Under § 455(a), a judge shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned. The test under § 455(a) is whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality.  *See United States v. Kelly*, 888 F.2d 732, 744–45 (11th Cir. 1989).  The allegation of bias must show that

"the bias is personal as distinguished from judicial in nature." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (citation omitted).

The district court also did not err in summarily denying Mr. Gelin's post-judgment motion for recusal or disqualification, pursuant to §§ 144 or 455(a).  Mr. Gelin argues that recusal was warranted because the district court judge previously denied his post-judgment motion to disqualify under § 144, summarily denied the other motions that he now appeals, and denied his motion for release pending appeal from the denials of those motions.  He also adopts the arguments from his initial § 144 motion, arguing that the district court judge exhibited bias by, among other things, ignoring evidence of racial and ethnic bias and ruling in favor of the government on various evidentiary issues before and during trial.

Mr. Gelin's motion to recuse lacked merit under either § 144 or § 455(a).  Mr. Gelin's arguments for recusal or disqualification are based solely on the district court judge's conduct and adverse rulings during his criminal proceedings.  He presented no evidence that the district court judge's alleged bias stemmed from personal or extrajudicial sources. *See Story*, 225 F.3d at 1239.  For that reason, the impartiality of the district court judge could not have reasonably been questioned. *See* § 455(a).  Additionally, to the extent that Mr. Gelin moved for disqualification or recusal under § 144, any such motion filed post-judgment was untimely, and he otherwise has not established good cause. *See, e.g., Weber v. Coney*, 642 F.2d 91, 92-93 (5th Cir. 1981) (plaintiff's motion to disqualify judge, filed a year after the case was assigned to the judge, about

four months after the case was transferred to another judge, and three days after the second judge rendered a final judgment, was untimely, moot, and frivolous).[1]  Consequently, the district court acted within its discretion in summarily denying his motion for recusal or disqualification.

## III

We review the denial of a motion for new trial for an abuse of discretion.  See *United States v. Martinez*, 763 F.2d 1297, 1312 (11th Cir. 1985).  To merit a new trial based on newly discovered evidence, the defendant must show that: (1) the evidence was discovered following trial; (2) the defendant exercised due care to discover the evidence; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence is of such a nature that a new trial would probably produce a different result.  See *United States v. Lee*, 68 F.3d 1267, 1273 (11th Cir. 1995). The defendant must satisfy all of these elements to warrant relief. See *United States v. Williams*, 816 F.2d 1527, 1530 (11th Cir. 1987). Motions for a new trial based on newly discovered evidence are highly disfavored, and district courts should use great caution in granting a new trial motion based on newly discovered evidence. See *United States v. Jernigan*, 341 F.3d 1273, 1287 (11th Cir. 2003).

---

[1] Decisions of the Fifth Circuit issued prior to October 1, 1981, are binding on this Court.  See *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*).

The district court did not err in denying Mr. Gelin's and Mr. Fernetus' motions for a new trial. Both defendants argue that a new trial was warranted based on the same alleged newly discovered evidence, that is, evidence that the government failed to disclose at trial that cooperating witnesses had received immunity and a sentence reduction, respectively, for their cooperation. But at trial, defense counsel cross-examined both cooperating witnesses on their prior criminal histories and continued criminal conduct, the fact that they were cooperating witnesses, and any benefits they received from cooperating, including the length, or lack thereof, of their terms of incarceration. As such, to the extent that Mr. Gelin and Mr. Fernetus had newly discovered evidence relating to the witnesses' cooperation, any such evidence was mere impeachment evidence cumulative of defense counsel's cross-examination of those witnesses. This deficiency was fatal to their motions. *See United States v. Champion*, 813 F.2d 1154, 1171 (11th Cir. 1987). Accordingly, the district court acted within its discretion in denying Mr. Gelin's and Mr. Fernetus' motions for a new trial. *See Lee*, 68 F.3d at 1273.

## IV

We review *de novo* a district court's determination about a defendant's eligibility for an 18 U.S.C. § 3582(c) sentence reduction. *See United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir. 2021). However, we review a district court's denial of a prisoner's 18 U.S.C. § 3582(c)(1)(A) motion under an abuse of discretion standard. *See United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021).

A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous. *See id.* Generally, we can affirm for any reason supported by the record. *See United States v. Chitwood*, 676 F.3d 971, 976 (11th Cir. 2012).

In the context of compassionate release, the applicable statute requires exhaustion of remedies and otherwise provides that a district court may grant a defendant's motion for a sentence reduction, if, after considering the 18 U.S.C. § 3553(a) factors, the court finds that extraordinary and compelling reasons warrant such a reduction and that a reduction is consistent with applicable policy statements in the Sentencing Guidelines. *See* 18 U.S.C. § 3582(c)(1)(A). We have held that the policy statement set forth in § 1B1.13 of the Sentencing Guidelines is applicable to all motions under 18 U.S.C. § 3582(c)(1)(A). *See Bryant*, 996 F.3d at 1262. Accordingly, a district court may not reduce a sentence under § 3582(c)(1)(A) unless a reduction would be consistent with § 1B1.13. *See id.*

In turn, § 1B1.13 requires the district court to find that the defendant is not a danger to the safety of any other person or to the community. *See* § 1B1.13(2). Altogether, then, § 3582(c)(1)(A) imposes three conditions before a court may award a sentence reduction: (1) there must be extraordinary and compelling reasons for doing so; (2) the reduction must be supported by the § 3553(a) factors; and (3) granting a sentencing reduction must not endanger any person or the community within the meaning of § 1B1.13's policy statement. *See United States v. Tinker*, 14 F.4th 1234, 1237

(11th Cir. 2021). Each condition is necessary, so the failure to satisfy one condition warrants denial of a motion for a sentence reduction. *See id.* at 1237–38. Further, if the district court finds that one of the compassionate release conditions was not satisfied, it is not an abuse of discretion for the district court to skip assessment of another condition. *See id.* at 1238. Nothing on the face of § 3582(c)(1)(A) requires a district court to conduct the compassionate release analysis in any particular order. *See id.* at 1237.

The district court did not err in denying Mr. Gelin's renewed motion for compassionate release. In denying that motion, the district court concluded that Mr. Gelin had not identified extraordinary and compelling reasons justifying compassionate release, including with respect to the COVID-19 pandemic. Although it did not explicitly address the § 3553(a) factors, it concluded in direct response to Mr. Gelin's motion that he did, in fact, pose a danger to the community based on the conduct of his offense. We can therefore infer that, at a minimum, the district court considered the § 3553(a) factor addressed by Mr. Gelin in his motion. Its order was not otherwise bereft of reasoning and permitted meaningful appellate review. *See United States v. Cook*, 998 F.3d 1180, 1184-85 (11th Cir. 2021). Nevertheless, Mr. Gelin failed to establish extraordinary and compelling circumstances, and that alone justified denying him relief. *See Tinker*, 14 F.4th at 1237. Mr. Gelin was sentenced after 2010, and thus, to the extent he could have, received all of the benefits of the Fair Sentencing Act of 2010. Accordingly, the district

14                    Opinion of the Court                    21-11091

court acted within its discretion in denying Mr. Gelin's renewed motion for compassionate release.

## V

The district court's orders are affirmed.  Mr. Gelin's motions for oral argument are denied.

**AFFIRMED.**