[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-11030

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

FAN YANG,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:19-cr-00192-HES-LLL-1

_____

Before WILSON, LUCK, and BLACK, Circuit Judges.

PER CURIAM:

Fan Yang appeals his convictions for conspiring to violate federal firearms laws, making false statements to a federally licensed firearms dealer, and making a false statement within the executive branch's jurisdiction. He asserts the district court reversibly erred by precluding his willfulness defense and presentation of evidence thereof. After review,[1] we affirm.

The district court did not preclude Yang's willfulness defense—it allowed evidence and argument regarding Yang's willfulness defense. Rather, the district court precluded evidence of selective prosecution related to Yang's willfulness defense. The district court issued a detailed order denying in part and granting in part the Government's motion in limine, detailing how Yang's proffered evidence could be used in a willfulness defense, and the evidence that would be precluded as evidence of selective prosecution. "A selective-prosecution claim is not a defense on the merits to the criminal charge itself, but an independent assertion that the prosecutor has brought the charge for reasons forbidden by the Constitution." *United States v. Armstrong*, 517 U.S. 456, 463 (1996); *see also United States v. Jones*, 52 F.3d 924, 927 (11th Cir. 1995)

---

[1] We review a district court's grant of a government's motion in limine for abuse of discretion. *United States v. Thompson*, 25 F.3d 1558, 1563 (11th Cir. 1994). "Generally, courts should not prohibit a defendant from presenting a theory of defense to the jury." *Id.* at 1564.

("[S]elective prosecution is a defect in the institution of the prosecution that has no bearing on the determination of factual guilt.").

The district court did not abuse its discretion in granting in part the Government's motion in limine to preclude evidence and argument regarding selective prosecution. Because a selective prosecution claim is not a defense on the merits and is not a matter for the jury to decide, the district court did not improperly apply the law or err in its conclusion of law. *See United States v. Smith*, 459 F.3d 1276, 1295 (11th Cir. 2006) ("An abuse of discretion arises when the district court's decision rests upon a clearly erroneous finding of fact, an errant conclusion of law, or an improper application of law to fact." (quotation marks omitted)); *Armstrong*, 517 U.S. at 463. Selective prosecution remains a claim to hold the institutions of the legal system accountable for misconduct and has "no bearing on the determination of factual guilt"; therefore, the district court properly prohibited the evidence and argument of selective prosecution in Yang's criminal jury trial. *Jones*, 52 F.3d at 927; *see also Armstrong*, 517 U.S. at 463. Thus, we affirm.

**AFFIRMED.**